{¶ 27} For the foregoing reasons, I respectfully dissent.
 {¶ 28} Citing to Kohn v. Trimble (Nov. 17, 1995), 11th Dist. No. 95-T-5210, 1995 Ohio App. LEXIS 5105, at 8, the majority holds that a claimant can receive benefits for an injury resulting from horseplay if he was on duty and did not instigate the horseplay.
 {¶ 29} This conclusion is not so simple. In Kohn, we stated that "injuries resulting from misconduct or `deviant' behavior on the part of the employee are not compensable because such conduct does not fall within the scope of his employment." (Citations omitted.) Id. at 8. See, also, Meager v. Complete Auto Transit,Inc. (Mar. 4, 1992), 2d Dist. No. 13062, 1992 Ohio App. LEXIS 1014, at 5-6, (holding that no compensation is recoverable for injuries sustained through horseplay which was done outside the course and scope of employment). In Kohn, we then concluded that, "[c]onsistent with this, the courts of this state have held that a claimant is not entitled to receive benefits when his injuries resulted from `horseplay' which he instigated." Id. at 8.
 {¶ 30} In this matter, evidence was submitted in the form of deposition testimony of various co-workers. The testimony demonstrated that appellant had an opportunity to retreat from the horseplay. When the firecracker was thrown toward him, it landed on the ground near him. Instead of backing away, appellant chose to pick it up. When he did so, it exploded in his hand. Just as in self-defense, appellant had an opportunity to retreat, i.e., not to pick up the firecracker. He did not. In other words, appellant participated in the horseplay.
 {¶ 31} As such, there existed no genuine issue of material fact that appellant was not entitled to benefits, and the trial court properly granted summary judgment to appellees. To that end, I respectfully dissent.